# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FREES, INC.** | * | **CIVIL ACTION NO. 05-1979** |
| **VERSUS** | * | **JUDGE HICKS** |
| **PHIL MCMILLIAN** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER[1]

Before the Court is a Motion to Compel [Doc. #17] and a Cross Motion for Protective Order [Doc. #53] filed by plaintiff, Frees, Inc. ("Frees") and a Motion to Quash [Doc. #21] and Motion for Protective Order [Doc. #48] filed by Southeast Building Solutions, Inc. ("Southeast"). For reasons stated below, Frees' Motion to Compel and Cross Motion for a Protective Order are hereby **GRANTED** and Southeast's Motion to Quash and Motion for Protective Order are hereby **DENIED**.

## STATEMENT OF FACTS

Plaintiff Frees is a Louisiana corporation located in Shreveport that designs and constructs ventilation and dust control systems for manufacturing facilities where fiber-glass reinforced products are made. Defendant McMillian is a former employee of Frees. Frees provided a laptop computer to McMillian for use in connection with his work. According to Frees, the laptop either contained Frees' proprietary information or provided McMillian with access to such information. Frees alleges that the proprietary information was electronically stored in the laptop in various computer data files. In November of 2003 McMillian resigned as an employee and officer of Frees. In connection with the termination of his employment, the

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

laptop was repossessed and subsequently examined by Frees. According to Frees, that examination revealed that much of Frees' proprietary information was missing from the laptop.

Following his departure from Frees, McMillian went to work for Southeast Building Solutions, Inc. Frees alleges that, prior to McMillian's departure, Southeast had never made, sold, or offered fiberglass ventilation and dust control systems like those of Frees. However, according to Frees, immediately after hiring McMillian, Southeast commenced the sale and manufacture of fiberglass ventilation and dust control systems virtually identical to those of Frees. Frees claims that the drawings, specifications, pricing, and other information pertinent to such systems were among the data files missing from the laptop.

In light of the above allegations, Frees filed suit in Louisiana state court against McMillian and Southeast, which action remains pending due to Southeast's claim of lack of personal jurisdiction. However, after learning of the existence of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, Frees filed the instant suit in this Court naming only McMillian as a defendant and proceeded to propound discovery requests on McMillian. After McMillian refused to comply with four of such requests, Frees filed the instant motion to compel. Subsequently, Southeast filed a motion to quash and a motion for a protective order. Finally, Frees filed a cross motion seeking the entry of a protective order on terms different from those requested by Southeast.

Request for Production No. 1

In Request for Production No.1, Frees seeks an order compelling McMillian to produce a laptop provided McMillian by Southeast in December 2005 or January 2006 and a personal computer Gateway hard drive which McMillian admits having in possession at his residence in Shreveport. Frees asserts that these computers are likely to have evidence of McMillian's alleged violation of the CFAA as such computers are the most likely places where he would have

downloaded, pasted, transmitted, or otherwise deposited the alleged pilfered computer data. McMillian asserts in an affidavit, however, that any information on the Gateway computer and laptop pertaining to Mr. McMillian's work with Southeast relates only to work performed by him subsequent to the acquisition of those computers, which he claims occurred two years after the Frees alleges he misappropriated the computer data. McMillian also claims that the request is overly broad.

The undersigned finds that Frees is entitled to production of the requested computers because such computers are, if Frees' allegations are true, among the most likely places McMillian would have downloaded or stored the data allegedly missing from Frees' laptop. As such, the request is reasonably calculated to lead to the discovery of admissible evidence. McMillian's affidavit stating that any information on the computers relates only to work performed after the computers is not sufficient to deny Frees' access to the computers. A party cannot, by his own self-serving statements, deny the other party access to potentially relevant information. Moreover, as Frees points out, the fact that the computers were allegedly acquired two years after the misappropriation is said to have occurred in no way forecloses the existence of the pilfered data, or information related to such data, on the computers. It would certainly have been possible for McMillian to transfer computer data acquired from Frees in 2003 to a computer he did not obtain until two years later.[2] Therefore, Frees' Motion to Compel is **GRANTED** and McMillian is **ORDERED** to comply with Request for Production No. 1.

Request for Production No. 5

In Request for Production No. 5, Frees seeks production of documents or things used or

---

[2]McMillian also contends that Frees should be required to produce an expert report identifying the specific data that was allegedly improperly copied or deleted before discovery is ordered. However, the liberal discovery rules do not require such a detailed showing, and Frees' allegations in this case are sufficient to render the information sought discoverable.

3

referenced by McMillian for Southeast in connection with ventilation and dust removal for Fiberglass Fabricators. McMillian objected to this request as overly broad. However, given Frees's allegations, the undersigned finds that requested information is reasonably calculated to lead to the discovery of admissible evidence. If it exists, evidence of McMillian's alleged violation of CFAA could potentially be found in the documents and things used or referenced in connection with his work at Southeast to which the alleged pilfered computer is applicable, i.e. ventilation and dust removal for fiberglass fabricators. Therefore, the information sought is relevant to the claims asserted by Frees and, as such, Frees' Motion to Compel is **GRANTED** and McMillian is **ORDERED** to comply with Request for Production No. 5.

Request for Production No. 6

In Request for Production No. 6, Frees seeks production of documents or things which McMillian sent to or received from others relating to the computers in his possession. McMillian again objected to this request as overly broad. However, the information sought in this request is reasonably calculated to lead to discovery of admissible evidence, such as whether McMillian sought or obtained software or assistance which would have enabled or helped him to download the alleged pilfered data onto his personal and/or home computer, or to erase or hide such data. McMillian contends that he fully responded to Frees' Interrogatory No. 10 regarding whether he had used any computer consultants with respect to any computer in his possession since one year prior to the termination of his employment with Frees to present. However, Request for Production No. 6 is, by its terms, not limited to persons with whom McMillian may have consulted regarding his computers; rather, it seeks any documents or things which McMillian sent or received relating to his computers. Therefore, McMillian's response to Interrogatory No. 10 does not sufficiently address the documents or things sought in Request No. 6. Accordingly, to the extent that such documents or things exist, Frees' Motion to Compel is **GRANTED** and

McMillian is hereby **ORDERED** to comply with Request for Production No. 6.

Request for Production No. 7

Finally, in Request for Production No. 7, Frees seeks production of documents or things which McMillian sent to or received from Southeast that are related to the subject matter of the instant action. McMillian objected to this request as overly broad. However, given the allegations in this case, the information sought in this request is clearly relevant to Frees' claims. McMillian also asserts that he initially responded to this request by stating that there are no documents that he sent to or received from Southeast *generated in response to this lawsuit*. However, the wording of the request is not limited to documents generated in response to the current suit; furthermore, as Frees notes, equally if not more incriminating evidence, if such exists, is likely to be found in documents originating before rather than after suit was filed because the former would likely reflect less of a studied attempt by the defendant to avoid discovery. Therefore, Frees' Motion to Compel is **GRANTED** and McMillian is **ORDERED** to comply with Request No. 7.

Having determined that Frees is entitled to the discovery at issue, and because Southeast's Motion to Quash makes essentially the same arguments as those rejected above, Southeast's Motion to Quash is **DENIED**.

Protective Measures

Although this Court has ordered McMillian to comply with the aforementioned requests for production, the undersigned is cognizant of McMillian/Southeast's concerns that such requests could potentially lead to the discovery of irrelevant personal information or of confidential or privileged information. These concerns are legitimate and, as such, protective measures must be undertaken.

First, with regard to Request for Production No.1, Frees has proposed a computer

5

forensics protocol that this Court finds adequately balances Frees' need for the information sought with McMillian's scope and confidentiality concerns. Accordingly, such request shall be complied with in accordance with the following protocol:

(1) Frees' computer forensics expert will be allowed to make images of the hard drives of the computers at issue;

(2) Copies of the imaged hard drives are to be provided to McMillian and the Court ten (10) days before Frees' computer forensics expert may begin any investigation into those imaged drives;

(3) After McMillian has had time to identify and seek protection for any objectionable information (such as privileged or work-product information) on the imaged hard drives, Frees' forensic expert will then be permitted to perform keyword searches of the hard drives and, subsequently, will provide to both Frees and McMillian a list of the file names identified through such searches;

(4) McMillian will then have an additional ten (10) days to object to production of the requested files and files not objected to will be produced to Frees at the end of this period;

(5) Depending on the number of "hits" produced through the particular key words used in the search, the above process may need to be repeated using different lists of key words based on actual issues in the case;

(6) In any event, the forensics expert is authorized to search for any indications that external devices were used with the subject computers and, if so, to attempt to identify such memory devices.

The undersigned further finds that a protective order is necessary protect the interests of all parties to this action. Rule 26(c) of the Federal Rules of Civil Procedure provides that

protective orders may be issued upon a showing of "good cause." Fed. R. Civ. P. 26(c). This requirement of good cause "indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Although all involved seem to be in agreement that a protective order is warranted, a dispute has arisen as to the appropriate terms of such an order. The key point of contention between the parties is whether any confidential or sensitive information revealed to one of the parties in the instant litigation should be available for use in lawsuits pending in other forums. Southeast contends that Frees should be prohibited from using any information discovered through this litigation in the matter pending in Louisiana state court. According to Southeast, because personal jurisdiction has not been proven in the state matter, Frees has been limited by the state court to discovering only jurisdictionally relevant matters. Thus, argues Southeast, Frees should not be allowed to use the instant litigation as a means of obtaining information that can be used in the pending state court litigation when it is barred from seeking those items directly through such litigation.

However, the undersigned sees no compelling reason to impose the restriction sought by Southeast. Southeast has cited no authority supporting its position. Frees, on the other hand, has cited Fifth Circuit case law supporting its contention that federal courts routinely allow information discovered in one proceeding to be used in other forums. For example, in *Patterson v. Ford Motor Co.*, 85 F.R.D. 152 (W.D.Tex. 1980), Ford Motor Company moved for "a protective order to prevent information from documents furnished by Ford to the Plaintiff . . . from being used in any way except in connection with [the current] lawsuit." *Id.* at 153. The court noted the insufficiency of Ford's contention that the plaintiff's counsel was interested in

7

cultivating additional litigation against Ford and then held that "[u]nless it can be shown that the discovering party is exploiting the instate litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums." Id. at 153-54 (citing *Johnson Foils, Inc., v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973)). In so holding, the court noted that the Federal Rules of Civil Procedure are intended to ". . . secure the just, speedy, and inexpensive determination of every action" and that "[t]he availability of the discovery information may reduce time and money which must be expended in similar proceedings, and may allow for effective, speedy, and efficient representation." *Id.* at 154 (citing Fed. R. Civ. P. 1; *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970); *Sieracki v. Ford Motor Co.*, Civil Action No. 76-130 (S.D.Ill. 1978)); *see also Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 90-91 (D.N.J. 1986) (finding that the Federal Rules of Civil Procedure allow the use of discovery in proceedings other than those in which it was initially obtained); *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1981). There is no evidence in this case that Frees is acting in bad faith in seeking the discovery at issue. Thus, having failed to show good cause, Southeast is not entitled to protective order prohibiting the use of discovery obtained through the instant litigation in the pending state court proceeding.

Southeast also seeks a two-tiered protection scheme in which certain items that it deems to be especially sensitive or confidential will be produced for review only by counsel and not by the parties themselves. Southeast claims that such scheme is necessary because Southeast and Frees are direct competitors of one another. However, the undersigned finds that Frees' arguments against such a scheme are convincing. First, Frees points that the technology at issue in this case is unique and not easily comprehended. Therefore, it is highly unrealistic to expect trial counsel to become sufficiently expert in the technology and data at issue to be able to conduct the necessary evaluation of the discovery produced by the parties. This case involves

the alleged unauthorized copying, access, and/or transmittal of electronically-stored material from Frees computer system. According to Frees, such materials include computer aided design (CAD) files, which typically contain highly detailed technical drawings, details about components and parts, measurements, and extensive written technical information. In order to recognize a particular instance of copying such files, one must have a fairly extensive knowledge of what Frees' computer files contain. Frees' trial counsel are not likely to have such expertise. Therefore, if Frees' personnel were not allowed to review the discovered information, Frees would be forced to hire an outside consultant which, as Frees points out, would not only be very expensive, but also very difficult because, according to Frees, no experts currently have the particularized knowledge of Frees' technology necessary to properly evaluate the Southeast documents. Southeast has provided this Court with no information refuting Frees' contentions in this regard, and the undersigned finds such contentions to be credible. Therefore, Southeast has failed to show good cause for a protective order containing the two-tiered scheme it requests.

In response to Southeast's motion for a protective order, Frees has filed a cross motion for entry of a protective order which Frees contends is needed to protect the confidentiality of the parties' sensitive information. The order allows each party to designate certain information as confidential, after which such information will be available to only the parties, their counsel, and those individuals assisting them in their prosecution and/or defense and only for the purposes of the instant case and any related cases involving some or all of the same parties, namely the state court action pending in Louisiana. The undersigned agrees that a protective order is warranted and finds that the terms proposed by Frees adequately address the confidentiality concerns of all parties involved.

Therefore, Frees' Motion to Compel [Doc. #17] and Motion for Protective Order [Doc.#53] are hereby **GRANTED** and Southeast's Motion to Quash [Doc.# 21] and Motion for

9

Protective Order [Doc.#48] are hereby **DENIED**. The protective order to be imposed will issue in a separate order accompanying this ruling.

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE