UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FREES, INC. | CIVIL ACTION NO. 05-1979 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PHIL MCMILLIAN, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court are two magistrate appeals from a Memorandum Order and Protective Order issued by Magistrate Judge Hayes on January 22, 2007. See Record Documents 61 & 62. The first magistrate appeal was filed by defendant Phil McMillian ("McMillian") and challenges whether the magistrate judge erred in her refusal to restrict the scope of certain discovery requests and whether a different computer examination protocol should have been adopted. See Record Document 61. The second magistrate appeal was filed by defendant Southeast Building Solutions, Inc. ("Southeast")[1] and challenges the scope of certain discovery requests and the protective order issued by the magistrate judge. See Record Document 62. Frees, Inc. ("Frees") has responded to the magistrate appeals, arguing that this Court should affirm Magistrate Judge Hayes' orders because such orders are not clearly erroneous or contrary to law. See Record Document 69.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not

---

[1] At the time of the magistrate judge's rulings, Southeast Building Solutions, Inc. was simply a third party to this case. However, on February 26, 2007, Frees, Inc. filed an amended complaint and added Southeast Building Solutions, Inc. as a defendant. See Record Document 70.

conclusively decide. Magistrate Judge Hayes' orders are not recommendations to the district court, which normally require de novo review under Rule 72. Rather, they are orders from the magistrate judge on non-dispositive matters that require the district court to uphold the rulings unless they are clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

In her Memorandum Order, Magistrate Judge Hayes ruled on discovery disputes relating to Frees' Request for Production Nos. 1, 5, 6, and 7. McMillian objected to such requests as over broad. Request for Production No. 1 sought production of a laptop provided McMillian by Southeast in December 2005 or January 2006 and a personal computer Gateway hard drive which McMillian admits having in his possession at his residence in Shreveport. Magistrate Judge Hayes reasoned that Request for Production No. 1 was "reasonably calculated to lead to the discovery of admissible evidence" and that "the fact that the computers were allegedly acquired two years after the misappropriation is said to have occurred in no way forecloses the existence of the pilfered data, or information related to such data, on the computers." Record Document 58 at 3.

Request for Production No. 5 sought production of documents or things used or referenced by McMillian for Southeast in connection with ventilation and dust removal for Fiberglass Fabricators. Magistrate Judge Hayes' concluded that if such documents or things exist, "evidence of McMillian's alleged violation of [Computer Fraud and Abuse Act] could potentially be found in the documents and things used or referenced in connection with his work at Southeast to which the alleged pilfered computer is applicable, i.e. ventilation and dust removal for fiberglass fabricators." Id. at 4.

Request for Production No. 6 sought production of documents or things which

McMillian sent to or received from others relating to the computers in his possession. Magistrate Judge Hayes reasoned that "the information sought could lead to whether McMillian sought or obtained software or assistance which would have enabled or helped him to download the alleged pilfered data onto his personal and/or home computer, or to erase or hide such data." Id. Further, she differentiated Request for Production No. 6 and Interrogatory No. 10,[2] noting that Request for Production No. 6 was not limited to persons such as computer consultants, but rather sought documents and things. See id.

Request for Production No. 7 sought production of documents or things which McMillian sent to or received from Southeast that were related to the subject matter of the instant action. Magistrate Judge Hayes ruled that "given the allegations in this case, the information sought in this request is clearly relevant to Frees' claims." Id. at 5. She also noted that "the wording of the request is not limited to documents generated in response to the current suit" and that "as Frees notes, equally if not more incriminating evidence, if such exists, is likely to be found in documents originating before rather than after suit was filed because the former would likely reflect less of a studied attempt by the defendant to avoid discovery." Id.

Magistrate Judge Hayes also recognized the need for protective measures in light of the fact that the aforementioned requests could potentially lead to the discovery of irrelevant personal information, confidential information, and/or privileged information. See id. With respect to Request for Production No. 1, Magistrate Judge Hayes outlined a

---

[2]Interrogatory No. 10 pertained to whether McMillian had used any computer consultants with respect to any computer in his possession since one year prior to the termination of his employment with Frees to present.

detailed forensics protocol, which she believed adequately balanced Frees' need for the information sought with McMillian's scope and confidentiality concerns. See id. at 5-6. She determined that a Protective Order under Federal Rule of Civil Procedure Rule 26© was appropriate and adopted the terms proposed by Frees, which she believed adequately addressed the confidentiality concerns of all parties involved.[3]

In his appeal of the aforementioned order, McMillian continues to argue that Request for Production No. 1 is overly broad and would require disclosure of information not relevant to the claim or defense of any party. See Record Document 61-2 at 4-5. He also argues that the magistrate judge gave no weight to McMillian's affidavit regarding the content of the computers. See id. at 5. McMillian maintains that Magistrate Judge Hayes' was clearly erroneous in ruling that a reasonable basis existed for concluding that the computers contained information that was "relevant to the claim or defense of any party." Id. at 6. Alternatively, McMillian urges this Court to modify the magistrate judge's detailed forensics protocol and appoint a neutral expert to make images of the hard drives and

---

[3]All involved in the case seemed to agree that a protective order was warranted, but there was a dispute surrounding the appropriate terms of such order, namely whether any confidential or sensitive information revealed to one of the parties in the instant litigation should be available for use in lawsuits pending in other forums. See Record Document 58 at 7. Focusing on Southeast's failure to cite authority and, conversely, Frees' citation to Fifth Circuit case law supporting the contention that federal courts routinely allow information discovered in one proceeding to be used in other forums, Magistrate Judge Hayes did not enter a protective order prohibiting the use of discovery obtained through the instant litigation in the pending state court proceeding. See id. at 7-8.

Southeast also sought a protection scheme in which certain items that it deemed to be especially sensitive or confidential would be produced for review only by counsel and not by the parties themselves. See id. at 8. Magistrate Judge Hayes' found such request unpersuasive, as the technology in this case is unique and not easily comprehensible. See id. Thus, in light of the technology and data at issue in this case, it would be unrealistic to expect counsel to serve as the experts to evaluate the discovery produced. See id.

other functions specified in the protocol. Id. As to the ruling pertaining to Request for Production Nos. 5, 6, and 7, McMillian continues to argue that such requests are over broad, ambiguous, and encompass documents not relevant to the claim or defense of any party. See id. at 8-9. Simply put, McMillian contends that the discovery requests at issue are based on speculation and, "while anything is possible, the scope of discovery is not unlimited." Record Document 72 at 3.

In its appeal, Southeast argues that "certain aspects of the unduly liberal discovery allowed" by Magistrate Judge Hayes' orders "will likely give an unnecessary and unfair business advantage to [its] direct competitor." Record Document 62-1 at 1. Southeast focuses on the use of so-called protected, sensitive information that likely will be revealed in this litigation in lawsuits pending in other forums and the possible sharing of such sensitive information with Frees, its business competitor. See id. at 1-2. Southeast requests that the orders of the magistrate judge be vacated or modified as necessary to protects its sensitive business information, to require more specificity from Frees, and to protect the integrity of the pending state court action. See id. at 2. Southeast also reurges its request for a "tiered approach to disclosure," wherein it would be willing to disclose certain information to Frees' lawyers for evaluation and consideration that it would not want falling directly into the hands of its competitor. See Record Document 62-2 at 10.

This Court has reviewed the discovery requests at issue, the orders of Magistrate Judge Hayes, and the briefs of all parties and finds that the Memorandum Order and Protective Order issued on January 22, 2007 were not clearly erroneous or contrary to law. First, as noted by Frees in its brief and Magistrate Judge Hayes in her orders, the Court observed that neither McMillian nor Southeast cited binding jurisprudence in support of

their positions. Further, the record is abundantly clear that Magistrate Judge Hayes carefully evaluated the four discovery requests at issue and then concluded that each was reasonably calculated to lead to the discovery of admissible evidence. Like Magistrate Judge Hayes, this Court would not expect to find unmodified copies of Frees' computer files on McMillian's work or personal computers; however, it is certainly reasonable to seek discovery to determine if any remnants of Frees' computer files remain on McMillian's computers. Magistrate Judge Hayes' detailed outline of the factual background of this case also evidences not only her close examination of the discovery issued, but also that she was mindful of the scope of the discovery requests at issue and properly concluded that such requests could lead to the disclosure of information relevant to the claims in this case. Likewise, this Court concludes that Magistrate Judge Hayes' carefully crafted detailed forensics protocol and Protective Order were not clearly erroneous or contrary to law. Magistrate Judge Hayes set forth ample reasons for her rulings related to the use of confidential, sensitive information in lawsuits pending in other forums. The magistrate judge's rulings also evidenced a concern, and accommodations, for balancing Frees' need for the information sought with McMillian's and Southeast's scope and confidentiality concerns, namely unfair business advantages to competitors. Along these lines, this Court warns the parties that any violation of the Protective Order in this case, including the clauses relating to the use of confidential information,[4] could result in civil contempt proceedings. Surely the strength of this Court's contempt power shall serve as a sufficient

---

[4]Paragraph 3 of the Protective Order states that "confidential information is to be utilized **solely** for the purposes of this case and related cases involving some or all of the same parties and for no other purpose." Record Document 59 at 2.

deterrent and help to further balance Frees' need for the information sought with McMillian's and Southeast's scope and confidentiality concerns. For these reasons, the Court sees no reason to vacate or modify the Memorandum Order or the Protective Order entered by Magistrate Judge Hayes, as neither order is clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Karen Hayes' Memorandum Order (Record Document 61) and Protective Order (Record Document 62) be and are hereby **AFFIRMED**, as such orders were not clearly erroneous or contrary to law.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of May, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE